IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dr. Cyril J. Okadigwe, | ) C/A No.: 3:25-12956-JFA-SVH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Federal Express Corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

In this case, Dr. Cyril J. Okadigwe ("Plaintiff"), proceeding pro se, sues Federal Express Corporation ("Defendant"),[1] for breach of contract, negligence, conversion, and emotional distress following "Defendant's conduct in rendering the shipment [of perishable goods] unusable during Plaintiff's birthday event," asserting the "direct and indirect costs associated with the undelivered shipment" were $28,923.90. [ECF No. 1-1 at 6–7].[2]

This matter comes before the court on Plaintiff's motion to remand. [ECF No. 7]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. For the following reasons, the undersigned recommends the district

---

[1] Defendant informs the court that it has been misidentified as "FedEx Ground." [*See* ECF No. 1 at 1]. The undersigned employs the correct identification and instructs the Clerk of Court to amend the caption accordingly.

[2] Plaintiff also states in his complaint that he "suffered damages in the amount of $89,800.00," without further explanation, in addition to stating the direct and indirect costs associated with the undelivered shipment were $28,923.90. [*See* ECF No. 1-1].

judge grant Plaintiff's motion.

I.     Background

Plaintiff originally filed this case in the Richland County Court of Common Pleas. Defendant removed the case to this court on October 13, 2025. [ECF No. 1]. In its removal notice, Defendant states this court has jurisdiction pursuant to diversity jurisdiction, 28 U.S.C. § 1332(a)(1), and federal question jurisdiction, 28 U.S.C. § 1331, where "[t]he federal Carmack Amendment to the Interstate Commerce Act of 1887, 49 U.S.C. § 14706" applies here. [*See* ECF No. 1 at 3].

On October 16, 2025, Plaintiff filed the instant motion to remand, arguing this court has neither diversity nor federal question jurisdiction over Plaintiff's claims. [ECF No. 7].

In response, Defendant represents it "expressly withdraws the allegations in its notice of removal regarding the Carmack Amendment" but opposes Plaintiff's motion to remand with respect to diversity jurisdiction, arguing the parties are completely diverse but not addressing the amount in controversy. [ECF No. 12].

On November 14, 2025, the court served special interrogatories on jurisdictional facts requesting Plaintiff clarify "the maximum extent of damages which he intended to pursue *at the time this case was removed* and, if the amount does not exceed $75,000, whether Plaintiff concedes that he does not intend to

seek more at a later time." [ECF No. 13 at 2 (emphasis in original)]. Plaintiff filed his responses on November 24, 2025, providing the following responses:

> ANSWER:
> No. At the time this matter was removed on October 13, 2025, it was not Plaintiff's intent to pursue monetary damages in excess of $75,000. Plaintiff's damages were limited to the value of the spoiled shipment, associated losses, and consequential damages—none of which approached the $75,000 federal jurisdictional threshold under 28 U.S.C. § 1332(a).
>
> ANSWER:
> Yes. Plaintiff stipulates and agrees that he will not seek, demand, accept, or recover damages—exclusive of interest and court costs—in an amount greater than $75,000 in this action. This stipulation is intended to be binding for all purposes and will govern Plaintiff's recovery throughout the remainder of this litigation.

[ECF No. 20].

II.     Authority to Remand

There is a split of authority as to whether a magistrate judge has the authority to remand a matter to state court. At least one court in this district has addressed the issue in a published opinion and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992). Many federal circuit courts, addressing this matter in published opinions, have reached a similar result, holding that an order to remand is dispositive. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001); *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998). In light of the unsettled state of the law within this district as to whether remands are

considered dispositive, a report and recommendation has been prepared in this case. *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648, at *1 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand").

III.   Discussion

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) federal question pursuant to 28 U.S.C. § 1331 and (2) diversity of citizenship pursuant to 28 U.S.C. § 1332.

Defendant has expressly withdrawn any assertion the court has federal question jurisdiction over this case. As to diversity jurisdiction, the diversity statute requires complete diversity of parties and an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332(a). Here, pursuant to the special interrogatories to Plaintiff, the court sought clarification of his intent, at the time this matter was initially filed in state court, to pursue monetary damages. In response, Plaintiff has stipulated that his damages in his claims do not exceed $75,000. As a result of this stipulation, to which Plaintiff is bound, that the amount in controversy for his demand does not exceed $75,000, the court lacks diversity jurisdiction over this matter.

The Supreme Court has commanded that when considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v.*

*Sheets*, 313 U.S. 100, 109 (1941) (internal citations omitted). In addition, "[r]emoval statutes must be strictly construed against removal," *Scott v. Greiner*, 858 F.Supp. 607, 610 (S.D.W.Va.1994), and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993); *see also Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333–34 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("If federal jurisdiction is doubtful, a remand is necessary.").

Therefore, the undersigned recommends the district judge grant Plaintiff's motion to remand.

IV.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge grant Plaintiff's motion to remand [ECF No. 7], remanding the instant case to the Richland County Court of Common Pleas.

IT IS SO RECOMMENDED.

December 1, 2025  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).