IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dr. Cyril J. Okadigwe,<br><br>       Plaintiff,<br><br>vs.<br><br>Federal Express Corporation,<br><br>       Defendant. | C/A No. 3:25-12956-JFA-SVH<br><br><br>**ORDER** |

  The *pro se* plaintiff, Cyril J. Okadigwe, commenced this action by asserting claims for breach of contract, negligence, conversion, and emotional distress following "Defendant's conduct in rendering the shipment [of perishable goods] unusable during Plaintiff's birthday event." In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to a Magistrate Judge for pretrial proceedings. Specifically, the Magistrate Judge performed an initial review of Plaintiff's motion to remand. (ECF No. 7).

  After reviewing the motion and all responsive briefing, the Magistrate Judge issued special interrogatories to the Plaintiff to clarify the amount in controversy. (ECF No. 13). In response, Plaintiff specifically stated:

> Plaintiff stipulates and agrees that he will not seek, demand, accept, or recover damages—exclusive of interest and court costs—in an amount greater than $75,000 in this action. This stipulation is intended to be binding for all purposes and will govern Plaintiff's recovery throughout the remainder of this litigation.

(ECF No. 20, p. 3).[1]

Thereafter, the Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") which opines that this court lacks subject matter jurisdiction, and this case should be remanded to state court. (ECF No. 21). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

All parties were advised of their right to object to the Report, which was entered on the docket on December 1, 2025. *Id.* Defendant filed a "notice of no objection" on December 15, 2025. (ECF No. 25). Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th

---

[1] Moving forward, Plaintiff is now bound by his representations to the court. *See Spence v. Centerplate*, 931 F. Supp. 2d 779, 782 (W.D. Ky. 2013)("In the present case, Plaintiff stipulated that he will neither seek nor accept money in excess of the jurisdictional amount. []. A plain reading of the stipulation leaves Plaintiff no room to escape the bounds of its restrictions.[] Plaintiff's actual damages, if proven, might exceed $75,000, so state courts will be forced to rely on this stipulation to prevent the award of excess damages. The United States Supreme Court determined that factual stipulations are "binding and conclusive ... and the facts stated are not subject to subsequent variation." *Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings Coll. of Law v. Martinez*, ⸺ U.S. ⸺, 130 S.Ct. 2971, 2983, 177 L.Ed.2d 838 (2010) (quoting 83 C.J.S., *Stipulations* § 93 (2000)). Thus, a stipulation is an "express waiver made ... by the party or his attorney conceding for purposes of the trial the truth of some alleged fact." *Standard Fire Ins. Co. v. Knowles,* ⸺ U.S. ⸺, 133 S.Ct. 1345, 1348, 185 L.Ed.2d 439 (2013) (quoting 9 J. Wigmore, Evidence § 2588, 821 (J. Chadbourn rev. 1981)). Therefore, the principal feature of such a stipulation is its binding authority on the parties. *Id.*").

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

2

Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, no party has asserted any objection and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that Plaintiff's action is subject to remand.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 21). Consequently, Plaintiff's motion to remand (ECF No. 7) is granted and this action is hereby remanded to the Richland County Court of Common Pleas.

IT IS SO ORDERED.

December 30, 2025  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge